Statement of Facts

On October 27, 2025, at around 1:20 AM, a Federal Law Enforcement Task Force, including officers of the Metropolitan Police Department ("MPD"), pulled over a vehicle for expired tags. There were two occupants in the vehicle: the driver, and a passenger seated in the front passenger seat. The driver of the vehicle, Eric Malik Smith ("SMITH"), initially identified himself by a false name and date of birth.

Officers who were standing outside of the vehicle and looking into the vehicle with their flashlights, observed a half empty bottle of alcohol in the back seat, within reaching distance of SMITH and the passenger ("S1") in the front passenger seat. Upon seeing the half-empty bottle of alcohol, officers ordered SMITH and S1 out of the vehicle. Officers confirmed that the seal of the bottle was broken and that the bottle contained alcohol.

During a search of the vehicle, officers recovered a Ruger Model 57 pistol under the driver's seat. The firearm contained 20 rounds of 5.7x28mm ammunition in the 20-round capacity magazine, and one round of ammunition in the chamber. The serial number of the firearm was obliterated.

Law enforcement also recovered from a backpack, which was located in the floorboard of the front passenger seat, three pill bottles containing a total of 58 pills. One pill bottled contained 13 round pink pills stamped "K 56," which based on your affiant's research, is Oxycodone Hydrochloride. One pill bottle contained 32 white capsule shaped pills stamped "M523/10/325," which based on your affiant's research, is Acetaminophen and Oxycodone Hydrochloride. The third pill bottle contained 13 white capsule shaped pills stamped "M523/10/325," which based on your affiant's research, is Acetaminophen and Oxycodone Hydrochloride. Oxycodone Hydrochloride is a Schedule II controlled substance. SMITH stated on scene that the backpack containing the pills was his and not S1's. The pills were in prescription bottles with labels for the prescribed patient; the name of the label was different than SMITH'S NAME, S1's name, and the fake name that SMITH initially provided to law enforcement.

SMITH's identity was confirmed, and it was confirmed that SMITH did not have a license to carry a firearm in the District of Columbia. A criminal history check showed that SMITH was previously convicted in U.S. District Court for the Southern District of West Virginia in case number 3:23-cr-00156, of Aiding and Abetting False Statements Related to the Purchase of a Firearm, in violation of 18 U.S.C. §§ 924(a)(1)(A) and 2. SMITH was sentenced to 15 months' incarceration.

Accordingly, SMITH would have been aware that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year at the time he was possessing the firearm and ammunition.

Your affiant is aware there are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition described above necessarily traveled in interstate commerce before they were recovered in the District of Columbia.

2

As such, your affiant submits that probable cause exists to charge SMITH with a violation of 18 U.S.C. § 922(g)(1) (**Unlawful Possession of a Firearm and Ammunition By a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**).



Date: 10/28/2025

_____
Officer Jacob Drew
Metropolitan Police Department

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

2